IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEVIN COOK,

    Plaintiff,

v.                              Civil Action No. 5:11CV6
                                        (STAMP)
ROBERT M. ROBINSON,
ROBINSON AUTOMOTIVE GROUP, INC. and
BOB ROBINSON CHEVROLET-OLDSMOBILE-
CADILLAC, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AS FRAMED THE ORDER OF MAGISTRATE JUDGE
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL**

I.  Background

On January 7, 2011, the plaintiff in the above-styled civil action filed a declaratory judgment action requesting that the legal rights of the parties with regard to the covenant not to compete contained in the August 4, 2006 stock purchase agreement ("SPA") associated with the plaintiff's purchase of stock in Robinson Automotive Group ("RAG"), be established and that it be determined that the covenant is unlawful and unenforceable.[1] The

---

[1]The covenant not to compete states:

During the course of Cook's association with Buyer [Robert M. Robinson] and Employer [RAG], Cook has become aware of and familiar with Buyer's and Employer's methods of operation and certain proprietary and confidential information. Cook agrees not to employ the business expertise that he has acquired by virtue of his association with Buyer and Employer in direct competition with them as set forth herein. In consideration of the

plaintiff also alleges that the defendants intentionally acted to prevent him from being employed by Straub Automotive ("Straub"), where he has accepted a position as general manager for sales but is not yet employed as a result of the defendants' threats of litigation.

On January 25, 2011, the plaintiff filed a motion for a preliminary injunction and a request for an expedited evidentiary hearing. His request was granted, and this Court held a hearing on the motion for a preliminary injunction on January 28, 2011. After receiving additional briefing on the motion for a preliminary injunction, this Court denied the motion in a memorandum opinion and order dated March 8, 2011.

On May 24, 2011, the plaintiff filed a motion to compel. Specifically, the plaintiff moved this Court to compel the defendants to provide complete responses to the plaintiff's request for production of documents. The following day, this motion was

---

> mutual promises contained herein and the sum of Twenty Thousand Dollars ($20,000.00) paid to Cook by Employer, exclusively for this covenant not to compete, the receipt of which is hereby acknowledged, Cook agrees that for a period of ten (10) years following the date of this Agreement, he shall not directly or indirectly own or engage in the retail sale of new or used motor vehicles for, or be a Director, officer or employee of any new or used motor vehicle dealership in Ohio County, West Virginia, or otherwise compete with Buyer and/or Employer within a radius of fifty (50) miles of Wheeling, Ohio County, West Virginia.

(Def.s' Resp. to Mot. for Prelim. Inj. Ex. 2.)

referred to United States Magistrate Judge James E. Seibert pursuant to 28 U.S.C. § 636(b)(1)(A). The defendants filed a response to the motion to compel on June 3, 2011, to which the plaintiff filed a timely reply. After the motion to compel had been fully briefed, Magistrate Judge Seibert held an evidentiary hearing and argument. Following the hearing, the magistrate judge issued an order granting in part and denying in part the plaintiff's motion to compel. The magistrate judge's order also instructed the parties that they may file written objections to his order within fourteen (14) days after being served with a copy of the order. The defendants filed objections on July 21, 2011. The plaintiff filed a response to the objections on August 3, 2011. For the reasons set forth below, this Court affirms as framed the order of the magistrate judge.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery

disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

### III. Discussion

In his motion to compel, the plaintiff asks the Court to direct the defendants to provide complete responses to his requests for production of documents. Specifically, the plaintiff seeks all financial records, including tax returns, for Bob Robinson Chevrolet-Oldsmobile-Cadillac, Inc. and Robinson Automotive Group, Inc. from 2002 through the present. The plaintiff also seeks all financial records, inclusive of tax returns, for Welty Buick Pontiac, GMC ("Welty") for each year following its acquisition by Robinson until the date it was dissolved. Next, the plaintiff asks the defendants to produce any and all agreements between the defendants and the manufacturer of the automobiles the defendants sell at their Triadelphia, West Virginia location. Third, the plaintiff seeks any customer lists that the plaintiff was provided during his employment. Fourth, the plaintiff asks that the defendants produce all documents related to the marketing and/or promotional activities of the defendants from 2005 to the present. Lastly, the plaintiff seeks all documents related to the purchase of Welty.

In response, the defendants cite to Rule 26(b)(1) of the Federal Rules of Civil Procedure and argue that most of the

4

information sought by the plaintiff, including the financial records and tax returns, is not reasonably calculated to lead to the discovery of admissible evidence and thus, is not relevant. With regard to the customer lists, the defendants argue that they are unable to produce any customer lists from the time period that the plaintiff was an employee. Similarly, the defendants state that marketing information from 2005 to 2006 was not retained and therefore, cannot be produced. Because the plaintiff has not been employed by the defendants since 2006, the defendants contend that the request for marketing information from 2005 to the present is overly broad. Finally, the defendants state that they have provided the plaintiff with the Welty Stock Purchase Agreement.

In his order of July 7, 2011, the magistrate judge granted in part and denied in part the plaintiff's motion to compel. Specifically, the order directs that: (1) the defendants produce their 2010 tax returns and 2010 financial statements subject to a protective order agreed to by the parties; (2) the defendants produce their tax returns and financial statements for 2008-2010 in a sealed envelope to be filed with the Clerk's Office; (3) the plaintiff's requests regarding the production of manufacturer agreements, customer lists, and marketing activities are denied; and (4) the plaintiff's request for the stock purchase agreement is denied as moot.

In their objection, the defendants take issue with only the first part of the magistrate judge's order concerning the plaintiff's request for the defendants' 2010 tax returns.[2] According to the defendants, their tax returns are not relevant to the issues that are in dispute in this action -- the question of whether or not the covenant not to compete should be enforced does not require consideration of the defendants' financial information. Therefore, the 2010 tax returns will provide no information bearing upon the issue of the validity of the covenant not to compete.

Although the defendants acknowledge that they previously raised future financial damages as part of their opposition to the plaintiff's motion for a preliminary injunction, the defendants state that they do not now claim future losses since the plaintiff has not begun to work for Straub. The defendants further argue that if the 2010 tax returns are produced, they will provide the plaintiff and Straub with the defendants' highly sensitive and confidential financial information, which would be prejudicial to the defendants. Alternatively, if the Court finds that the 2010

---

[2]Significantly, the magistrate judge found that because the defendants conceded that any customer lists known to the plaintiff when he left in 2006 would be so outdated as to be useless, they have waived any claim that the plaintiff has valuable customers lists that could harm the defendants. Similarly, the magistrate judge found that the defendants also waived any claim that the plaintiff has any useful or valuable knowledge as to the defendants' marketing strategy that could cause future harm to the defendants. The defendants did not object to either of these findings.

tax returns are relevant and should be produced, the defendants request that they be produced in a sealed envelope and filed with the Clerk's Office under seal until such time that the Court may determine they should be released to the plaintiff's counsel.

In response to the objection, the plaintiff argues that the defendants have asserted that they will suffer undefined economic harm if the plaintiff were to be employed by Straub. Because the defendants have presented a defense of financial harm and protectable financial interests, the plaintiff contends that they cannot now claim that their finances are not subject to discovery. Additionally, the plaintiff claims that the 2010 tax returns are relevant in light of his claim for punitive damages.

After reviewing the pleadings, this Court agrees that the plaintiff has met his burden of proving that the 2010 tax returns are relevant. The magistrate judge correctly stated that because the plaintiff seeks punitive damages, financial records from the most current years are discoverable. See SMD Software, Inc. v. Emove, Inc., No. 5:08-CV-403-FL, 2010 WL 2232261 (E.D. N.C. June 2, 2010) ("Tax returns may generally be discovered for purposes of supporting a punitive damages claim only where the plaintiff has made a prima facie showing of entitlement to them.") (citing Hester v. Cottrell Contracting Corp., No. 7:00-CV-70-BR(1), 2001 WL 1764200, at *4 (E.D. N.C. April 27, 2001)).

This Court, however, acknowledges the defendants' desire to protect the confidentiality of their financial records. Thus, this Court grants the defendants' request that the 2010 tax returns be produced in a sealed envelope and filed with the Clerk's Office under seal until further order of this Court. The 2010 tax returns shall not be disclosed to the plaintiff or his counsel until ordered by this Court.

## IV. Conclusion

Because the magistrate judge's determinations on the motion to compel are not clearly erroneous or contrary to law, the defendants' objection to the magistrate judge's order is OVERRULED. This Court AFFIRMS AS FRAMED the decision of the magistrate judge GRANTING IN PART and DENYING IN PART plaintiff's motion to compel. Accordingly, the defendants are DIRECTED to produce their 2010 tax returns in a sealed envelope to the Clerk's Office. The Clerk's Office is DIRECTED to file the 2010 tax returns under SEAL.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 11, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE